1  MARK J. BOURASSA, ESQ
   Nevada Bar No. 7999
2  KEREN E. GESUND, ESQ.
   Nevada Bar No. 10881
3  **THE BOURASSA LAW GROUP, LLC**
4  8668 Spring Mountain Rd
   Suite 101
5  Las Vegas, NV 89117
   Tel: (702) 300-1180
6  Fax: (702) 851-2189
7  gesundk@gesundlawoffices.com
   *Attorneys for Plaintiffs*
8

9                **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11  BRANDI GAINES, an individual, on behalf of          Case No.:
    herself and those similarly situated;
12

13              Plaintiffs,                              **CLASS ACTION COMPLAINT FOR**
                                                         **VIOLATIONS OF THE FAIR DEBT**
14  vs.                                                  **COLLECTION PRACTICES ACT**

15  PDL RECOVERY GROUP, LLC, a New York
    limited liability company,                           **JURY DEMANDED**
16

17              Defendant.

18

19                      **COMPLAINT**

20      Plaintiff, BRANDI GAINES (hereinafter referred to as "PLAINTIFF") by and through

21  undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon

22  information and belief as to all other matters, brings this complaint against the above-named

23  defendant and in support thereof alleges the following:

24                  **PRELIMINARY STATEMENT**

25      1.    PLAINTIFF brings this action on her own behalf and on the behalf of all others

26  similarly situated for actual and statutory damages arising from DEFENDANT's violations of

27  the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §

28
                            - 1 -

1692, *et seq.,* the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.,* and Nevada's Deceptive Trade Practices Act, NRS § 598, *et seq.*

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.,* and 28 U.S.C. § 1331.   The Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendant reside and/or do business in the District of Nevada.   Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4.      PLAINTIFF is a natural person residing in Las Vegas, Nevada.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3) and EFTA at 15 U.S.C. § 1693a(6).

6.    PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7.     PDL RECOVERY GROUP LLC (hereinafter referred to as "DEFENDANT") is a New York limited liability company, the principal purpose of whose business is the collection of debts.  One of DEFENDANT's collection practices is to set up preauthorized electronic fund transfers without a signed writing.

8.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or

1   due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. §

2   1692a(6).

3                               **STATEMENT OF FACTS**

4       9.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1

5   through 6 inclusive, above.

6

7       10.     On or about October 2, 2013, DEFENDANT, through its agent, left a scripted

8   message, on PLAINTIFF's answering machine which states:

9       This message is for Brandi Gaines. Brandi, Joseph Wells contacting you, PDL
        Group, I'm a fraud investigator with PDL regarding a situation I have in front of
10      me with your US Banks accounts. I have 2 insufficient funds checks written out of
        that account to my client. At this time, I am moving the allegations forward. I
11      have contacted the Clark County investigation division and I am going to be
        moving forward here after I receive documentation back from them regarding ...to
12      have you served with a notice to appear in this matter. Brandi I would like these
        allegations addressed prior to us going to court. Can you contact me at 1-800-290-
13      1065, ext 122. Thank you.

14

15      11.     PLAINTIFF never wrote a check to either the original creditor or DEFENDANT.

16      12.     Before PLAINTIFF could return DEFENDANT's call, DEFENDANT's agent

17  contacted PLAINTIFF's work misrepresenting he was calling from a legal department, left his

18  name and phone number and requested PLAINTIFF call him back regarding the "legal matter."

19      13.     When PLAINTIFF called DEFENDANT, DEFENDANT alleged PLAINTIFF

20  had committed fraud, falsely threatened to file a lawsuit and threatened to call her employer

21

22  back unless they reached a settlement.

23      14.     PLAINTIFF was frightened by DEFENDANT'S threats, and orally agreed to

24  provide her debit card information and allow DEFENDANT to make $100 automatic

25  withdrawals every two weeks.

26      15.     The preauthorized electronic transfers from PLAINTIFF's account were never

27  authorized in writing.

28

16.    DEFENDANT never provided a copy of the authorization to PLAINTIFF.

17.    On or about November 12, 2013, PLAINTIFF requested DEFENDANT stop debiting her account.

18.    On or about November 18, 2013, DEFENDANT deducted another $100.

19.    DEFENDANT is not registered in Nevada as a debt collection company.

20.    As a result of DEFENDANT's actions, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

21.    PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members suffered emotional distress and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

22.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23.    These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes:

a.   Class Number One: A national class consisting of consumers who:

i.   Within one year prior to the filing of this action;

ii.   Preauthorized electronic transfers without a signed writing; and/or

iii.   Never received a copy of the authorization obtained by DEFENDANT.

b.   Class Number Two: A national class consisting of consumer who:

i.   Within one year prior to the filing of this action;

ii.   Received a scripted message from DEFENDANT;

iii. Which failed to notify the consumer that the communication is from a debt collector;

iv. Which misrepresented that the consumer was subject to a fraud investigation;

v. Which misrepresented that the collector had contacted a local investigation division; and

vi. Which falsely threatened to take legal action that was not intended to be taken.

c. Class Number Three: A class consisting of Nevada consumers who:

iv. Within three years prior to the filing of this action;

v. Received a communication from DEFENDANT in connection with the collection of a debt;

vi. When DEFENDANT was not registered as a debt collection company in the state of Nevada.

24. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

a. DEFENDANT's collection practice is to obtain preauthorized electronic fund transfers from a consumer's account without a writing, without providing a copy of the authorization obtained by DEFENDANT.

b. DEFENDANT's agent, Joseph Wells, along with the other debt collectors working for DEFENDANT, use a form script that (1) intentionally fails to notify PLAINTIFF that the call was from a debt collector in relation to the collection of a debt and that any information obtained would be used for that purpose, in order to trick PLAINTIFF into returning the call; (2) that

misrepresented that the consumer was subject to a government fraud investigation; (3) that misrepresented the collector had contacted a local investigation division; and (4) that falsely threatened to take legal action that was not intended to be taken.

c.  Further, DEFENDANT was not a licensed debt collector in Nevada at the time it was collecting debts in this state.

d.  There are questions of law and fact common to the class that predominate over any questions affecting individual class members.

e.  The only issue related to the individuals of class is the identification of the individual consumers who received the scripted communication and Nevada consumers, a matter capable of ministerial determination from the DEFENDANT'S records.

f.  PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

g.  PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

25.   A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k.   The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

26.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE EFTA 15 U.S.C. §§ 1693e (a)
### BROUGHT BY PLAINTIFF INDIVIDUALLY AND
### ON BEHALF OF CLASS NUMBER ONE

27.     PLAINTIFF repeats, re-alleges, and incorporates by reference paragraphs 1 through 26 inclusive, above.

28.     The EFTA requires preauthorized electronic fund transfers from a consumer's account to be authorized by the consumer in writing with a copy of the authorization provided to the consumer when made. 15 U.S.C. §1693e(a).

29.     In October of 2013, PLAINTIFF orally agreed to provide her debit card information and allow DEFENDANT to make $100 automatic withdrawals every two weeks.

30.     The preauthorized electronic transfers from PLAINTIFF's account were never authorized in writing.

31.     DEFENDANT never provided a copy of the authorization to PLAINTIFF.

32.     As a result of the EFTA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

33.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

///

///

///

///

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e (5), (7), (10) and (11) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER TWO

34.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 33 inclusive, above.

35.     The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt", including but not limited to, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken". 15 U.S.C. § 1692e(5).

36.     A debt collector is prohibited from representing or implying that the consumer committed a crime or other conduct in order to disgrace the consumer. 15 U.S.C. § 1692e(7).

37.     The FDCPA also prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt". 15 U.S.C. § 1692e(10).

38.     Finally, a debt collector is required to disclose in the initial communication" that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and in subsequent communications "that the communication is from a debt collector". 15 U.S.C. §1692e(11).

39.     DEFENDANT's script fails to notify PLAINTIFF that the call is from a debt collector in relation to the collection of a debt and that any information obtained would be used for that purpose, in order to trick PLAINTIFF into returning the call.

40.     DEFENDANT's script falsely represents that PLAINTIFF had written bad checks and that it contacted the "Clark County investigation division."

41.     DEFENDANT's script also falsely represents litigation is imminent against PLAINTIFF when DEFENDANT has no intention of filing a lawsuit.

42. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

43. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AGAINST DEFENDANT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER THREE

44. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 43 inclusive, above.

45. PLAINTIFF'S Consumer Fraud claim is based on NRS 41.600 for violations of NRS Chapter 598.

46. At all times herein DEFENDANT was subject to the provisions of the Nevada Deceptive Trade Practices Act; NRS 598.

47. Pursuant to NRS 598.0923: "A person engages in a 'deceptive trade practice' when in the course of his business or occupation he knowingly: 1. Conducts the business or occupation without all required state, county or city licenses. ..."

48. Pursuant to NRS 649.075, as a collection agency operating in Nevada, DEFENDANT was and is required to obtain a license to operate as a collection agency, issued by the Nevada Department of Financial Institutions.

49. Pursuant to NRS 649.075, and pleaded in the alternative, as collection agency operating from outside Nevada, but collecting debt from Nevada residents, DEFENDANT was and is required to obtain a certificate of registration as a foreign collection agency with the Nevada Department of Financial Institutions.

50.     DEFENDANT is not currently, and at all material times was not licensed as a collection agency in Nevada and has not registered as a foreign collection agency in Nevada and, as a result, DEFENDANT has violated the Nevada Deceptive Trade Practices Act.

51.     As a result of DEFENDANT'S consumer fraud, PLAINTIFF has suffered actual damages, including, but not limited to, payments automatically debited by DEFENDANT from her account. PLAINTIFF is also entitled to recover her attorney fees and costs pursuant to NRS 41.600, and PLAINTIFF and the class members are entitled to damages as set forth in the Prayer for Relief herein.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C. §§ 1692c(b), 1692e(5), (7), (10) BY PLAINTIFF INDIVIDUALLY

52.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 51 inclusive, above.

53.     The FDCPA prohibits a debt collector from communicating, in connection with the collection of a debt, with any person other than a consumer.  15 U.S.C. § 1692c(b).

54.     The FDCPA also prohibits a debt collector from threatening to take an action that it cannot take or that is not intended to be taken. 15 U.S.C. § 1692e(5).

55.     A debt collector is prohibited from representing or implying that the consumer committed a crime or other conduct in order to disgrace the consumer. 15 U.S.C. § 1692e(7).

56.     Finally, a debt collector is prohibited from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

57.     Here, DEFENDANT left a message misrepresenting that PLAINTIFF had written bad checks to DEFENDANT.

58.     DEFENDANT contacted PLAINTIFF's place of employment and disclosed that he was calling regarding a legal matter involving PLAINTIFF in an attempt to embarrass PLAINTIFF.

59.     When PLAINTIFF returned DEFENDANT's call, DEFENDANT told PLAINTIFF she had committed fraud, falsely threatened to seek litigation against PLAINTIFF, when it never had any intention of doing so, and falsely alleged that it would call her employer back unless she entered into a settlement agreement with DEFENDANT.

60.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

61.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF THE EFTA 15 U.S.C. §§ 1693e(a)
### BY PLAINTIFF INDIVIDUALLY

62.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 61 inclusive, above.

63.     Pursuant to the EFTA, a consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to 3 business days preceding the scheduled date of such transfer. 15 U.S.C. §1693e(a).

64.     PLAINTIFF orally agreed to provide her debit card information and allow DEFENDANT to make $100 automatic withdrawals every two weeks.

65.     On or about November 12, 2013, PLAINTIFF requested DEFENDANT stop debiting her account.

66.     On or about November 18, 2013, DEFENDANT deducted another $100.

67.    As a result of the FDCPA violations by DEFENDANT, PLAINTIFF has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

68.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

69.    Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)    For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. § 1693m(a)(1);

(2)    For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1693m(a)(2)(A);

(3)    For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B) and 15 U.S.C. § 1693m(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)    For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5)    For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

(6)     For such additional damages as are allowed pursuant to the Nevada Deceptive Trade Practices Act for Class Number Two, including punitive damages; and

(7)     For any and all other relief this Court may deem appropriate.


DATED this 22nd day of January 2014.

THE BOURASSA LAW GROUP, LLC


MARK J. BOURASSA, ESQ
Nevada Bar No. 7999
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (702) 851-2189
gesundk@gesundlawoffices.com
*Attorneys for Plaintiffs*