UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDI GAINES, et al., | Case No. 2:14-cv-00110-APG-PAL |
| Plaintiffs, | **ORDER** |
| v. | (Mtn to Deem Complaint Served – Dkt. #5) |
| PDL RECOVERY GROUP, LLC, | (Mtn to Extend Time to Serve – Dkt. #6) |
| Defendant. | |

This matter is before the court on Plaintiff Brandi Gaines' Motion to Deem Complaint Served or In the Alternative Motion to Serve by Publication (Dkt. #5) filed May 2, 2014, and Motion to Enlarge Time to Serve Complaint (Dkt. #6) filed May 22, 2014. The court has considered the Motions.

**BACKGROUND**

Plaintiff filed her Complaint (Dkt. #1) on January 22, 2014, alleging claims against Defendant PDL Recovery Group, LLC ("PDL"), a New York limited liability company whose business includes collecting debt. The Complaint alleges Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., and Nevada's Deceptive Trade Practices Act, NRS 598 et seq., in attempting to collect debt from Plaintiff Brandi Gaines and others similarly situated.

Plaintiff asserts that although PDL conducts its debt collection business in Nevada, it does not have a legal Nevada presence. Specifically, PDL does not have a registered agent in Nevada to accept service of process and is not registered with the Nevada Department of Business and Industry, Division of Financial Institutions to collect debt in Nevada,[1] PDL is also

---

[1] NRS 649.075 requires a business to register with the Nevada Department of Business and Industry, Division of Financial Institutions, before it may legally collect debt in Nevada.

1

1 not registered with the Nevada Secretary of State as a foreign limited liability company.
2 Affidavit of Keren Gesund, attached to Motion to Deem Served, at ¶ 1 and Exhibit A to
3 Affidavit. Additionally, according to the New York State Department of State, PDL's physical
4 address is a P.O. Box in Amherst, New York. Affidavit at ¶ 2; *see also* Search Results, attached
5 as Exhibit B to Affidavit. PDL does not have a registered agent to accept service of process in
6 New York. *Id.* Plaintiff's process server attempted to serve the New York State Department of
7 State, but it refused to accept service because the lawsuit was filed outside of New York.
8 Affidavit at ¶ 3; *see also* Unexecuted Returned Proof of Service, attached as Exhibit C to
9 Affidavit.

10 On February 3, 2014, Plaintiff asked PDL to waive service of process pursuant to § 312-a
11 of New York's Civil Practice Law and Rules by mailing a statement of service by mail and
12 acknowledgement of receipt by mail of summons and complaint, with certified mail return
13 receipt requested. Affidavit at ¶ 5. On February 28, 2014, the statement was returned as
14 unclaimed. *Id.*; *see also* Return of Service, attached as Exhibit D to Affidavit.

15 On February 5, 2014, Plaintiff's attorney emailed a courtesy copy of the civil cover sheet,
16 complaint, and summons to PDL's New York counsel, Mr. Michael A. Benson, who refused to
17 accept service on behalf of his client. Affidavit at ¶ 6; *see also* Email from Keren Gesund to
18 Michael Benson, attached as Exhibit E to Affidavit.

19 On February 10, 2014, Plaintiff's counsel requested a copy of PDL's Articles of
20 Incorporation from the New York Department of State in order to locate an individual member
21 of PDL to serve. Affidavit at ¶ 8. PDL's corporate documents do not identify any members of
22 the LLC to serve. *Id.; see also* Articles of Organization, attached to Affidavit as Exhibit G.

23 On February 13, 2014, PDL's New York counsel called Plaintiff's attorney to discuss the
24 Complaint and potential settlement. Affidavit at ¶ 9. PDL's counsel told Plaintiff's counsel that
25 PDL might be going out of business, could not afford the cost of litigation, and would not waive
26 service of or answer the Complaint. *Id.*; *see also* Emails between Keren Gesund and Michael
27 Benson, attached to Affidavit as Exhibit H. PDL's counsel would not tell Plaintiff's counsel
28 where a member of PDL could be located to serve. *Id.*

On March 4, 2014, Plaintiff's counsel requested boxholder information for PDL's P.O. Box from the Postmaster of Amherst, New York. Affidavit at ¶ 10. The Postmaster responded and identified V. Cobb Associates LLC as the boxholder located at 4244 Ridge Lea Road, Amherst, New York, 14226. *Id.; see also* Returned Request for Boxholder Information, attached to Affidavit as Exhibit I   The Ridge Lea Road address is also a paid-for mail drop location. Affidavit at ¶ 11. A search revealed that the owner of V. Cobb Associates LLC is Ronald Cobb, and he is not located in Western New York. Affidavit at ¶ 12; *see also* Email from Premier Process Service of WNY, attached to Affidavit as Exhibits K and C.

On March 18, 2014, Plaintiff mailed a copy of the civil cover sheet, Complaint, and summons to PDL's Amherst P.O. Box by first class mail. Affidavit at ¶ 13. Plaintiff's counsel did not receive a response, and the mailing was not returned as undeliverable. *Id.* On March 28, 2014, Plaintiff's counsel again attempted to serve the New York Department of State, but service was denied again because this lawsuit was filed outside of New York. Affidavit at ¶¶ 14, 15; *see also* Email from Premier Process Server and Affidavit of Non-Service, attached to Affidavit as Exhibits L and M, respectively.

## **DISCUSSION**

Plaintiff requests the court deem service has been completed on PDL. As support, Plaintiff cites a New York state case for the proposition that service can be proper when process is mailed to a private P.O. Box where a party seeks to evade service by hiding behind a private mailbox. Plaintiff asserts that PDL has effectively insulated itself from service of process, and service should be deemed completed. Plaintiff contends PDL will not be prejudiced because PDL's counsel has received and reviewed a copy of the summons and complaint, and an additional copy was mailed to PDL's P.O. Box and was not returned. Alternatively, Plaintiff requests permission to serve PDL by publication in New York. Additionally, Plaintiff requests an additional 120 days in which to serve the Complaint. Plaintiff represents that good cause exists to grant an extension pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiff has made diligent attempts to serve PDL but has been unable to locate an address at which to do so.

## I.     Request to Deem Complaint Served.

Plaintiff requests the court deem the Complaint served on PDL. Relying on *Montesdeoca v. Krams,* 194 Misc.2d 620 (N.Y. Civ. 2003), Plaintiffs assert that because PDL appears to be evading service of process, service on PDL's P.O. Box is sufficient. Very few courts have considered this issue. *See, e.g., Wright v. B&L Properties, Inc.,* 53 P.3d 1041 (Wash. App. 2002) (service by mailing to private mailbox effective substitute service; *TID Services, Inc. v. Dass,* 65 So.3d 1, 6 (Fla. App. 2d 2010) (although statute authorized service on private mailbox, plaintiff had not complied with statutory requirements). It does not appear this issue has been decided in Nevada, and the court will not decide a matter of first impression because, as discussed below, the Nevada Rules of Civil Procedure provide an alternative method of service where personal service cannot be made. *See* Nev. R. Civ. P. 4(e)(1)(i). Plaintiff's request to deem the Complaint served is, therefore, denied.

## I.     Request for Service by Publication.

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows for service upon individuals within the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id*. In Nevada, NRCP 4 governs service of process. Parties are required to personally serve summons and the complaint upon a defendant; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id.*

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. *See* NRCP 4(e)(1)(i). There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendant, such as consulting public directories and family members. *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990, *overruled on other grounds by NC-DSH, Inc.,* 218 P.3d 853, 862

(Nev. 2009); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In *Abreu*, the Nevada Supreme Court determined that plaintiff exercised due diligence in attempting service and could resort to service by publication. 985 P.2d at 747. There, the plaintiff had made attempts to serve the defendant at his possible address on three occasions and had consulted telephone company directories to locate the defendant. *Id*. Here, Plaintiff has diligently attempted to serve the Complaint and summons on PDL on multiple occasions, but it appears PDL is evading service by using private mailboxes, failing to register with the Nevada Department of Business and Industry, and failing to designate a registered agent to accept service, either in New York or Nevada. Plaintiff has attempted to serve PDL on multiple occasions, but cannot locate a physical address at which to do so. PDL's New York counsel will not accept service on PDL's behalf or provide a location at which PDL can be served. PDL's New York counsel informed Plaintiff's counsel that PDL will not waive service. Accordingly, the court will permit Plaintiff to serve PDL by publication.

PDL is reminded of its obligation under Rule 4(d)(1) of the Federal Rule of Civil Procedure of its duty to avoid unnecessary expenses in serving summons. PDL is also reminded that a defendant who fails to waive service without good cause may be liable for expenses incurred in effecting service as well as reasonable expenses, including attorney fees, for any motion required to collect those service expenses. Fed. R. Civ. P. 4(d)(2).

## II.     Request for Extension of Time to Serve Complaint.

Rule 4 of the Federal Rules of Civil Procedure governs service of summons, and it mandates that service of process must be made within 120 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service of summons and complaint is not made in that time, the Rule provides that

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

5

Plaintiff's Complaint was filed on January 22, 2014. Thus, the deadline to serve process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure was May 22, 2014. The court finds that Plaintiff has stated good cause for her failure to timely serve PDL as it appears that PDL is evading service of process in this case. The court will allow Plaintiff an additional ninety days to serve PDL by publication.

For the reasons stated above,

**IT IS ORDERED:**

1. Plaintiff's Motion to Deem Service Completed (Dkt. #5) is GRANTED IN PART AND DENIED IN PART as follows:
    a. Plaintiff's request to deem service completed on PDL is DENIED.
    b. Plaintiff's request to serve PDL by publication is GRANTED.
2. Plaintiff's Motion to Extend Time to Serve Complaint (Dkt. #6) is GRANTED. Plaintiff shall have until **September 2, 2014,** in which to serve PDL by publication.

Dated this 2nd day of June, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE