1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BRANDI GAINES an individual, on behalf of
herself and those similarly situated,

                    Plaintiffs,

    v.

PDL RECOVERY GROUP, LLC, a New
York limited liability Company,

                    Defendant.

Case No. 2:14-cv-00110-APG-PAL

**ORDER DENYING RECONSIDERATION**

(Dkt.# 16)

      Plaintiff Brandi Gaines filed a class action complaint against defendant PDL Recovery Group, LLC, alleging causes of action for (1) violation of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq.*, (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, and (3) violation of the Nevada Deceptive Trade Practices Act, NRS Chapter 598.[1] PDL was properly served by publication and failed to respond to the lawsuit, resulting in entry of default against it on September 8, 2014.[2]

      Gaines filed an unopposed motion to proceed with discovery of the class claims.[3]  On October 28, 2014, Magistrate Judge Leen held a hearing on the motion and orally denied it.[4]  She expressed concern that class discovery would be protracted as PDL allegedly defaulted on the complaint because it could not afford the cost of litigation.  In light of this, and because Gaines failed to make any threshold showing that a viable class existed, Judge Leen found that class discovery was not warranted.  Gaines has moved to reconsider Judge Leen's denial of her motion.[5]  For the reasons discussed below, the motion is denied.

---

[1] (Dkt.# 1.)

[2] (Dkt.# 11.)

[3] (Dkt.# 13.)

[4] (Dkt.# 15.)

[5] (Dkt.# 16.)

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard.[6]  A magistrate judge's order is "clearly erroneous" when "although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[7]  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."[8]  A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court."[9]

Gaines asserts that Judge Leen's denial of her discovery request was clearly erroneous and contrary to law.  The entirety of Gaines's argument rests on citing several cases involving similar procedural circumstances where district courts have allowed limited discovery for class certification purposes.  Gaines fails to explain how these cases are relevant to the analysis here. The simple fact that other judges have exercised their discretion differently and allowed discovery of class claims under similar procedural circumstances is insufficient to demonstrate that Judge Leen's decision was clearly erroneous or contrary to law.[10]

As no class has been certified, the motion in essence seeks precertification discovery. Precertification discovery lies within the court's discretion.[11]  Whether to allow such discovery is based on "need, the time required, and the probability of discovery resolving any factual issues necessary for the determination" of whether a class action is maintainable.[12]  Judge Leen's denial of the motion was well within her discretion and, thus, was not clearly erroneous.

---

[6] 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a).

[7] *See United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (citation omitted).

[8] *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

[9] *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

[10] I also note that most of the cases are unpublished and from other jurisdictions.

[11] *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)).

[12] *Kamm*, 509 F.2d at 210.

1    Nonetheless, the Ninth Circuit has explained that in some cases discovery will be

2  warranted because the pleadings alone will not resolve the question of class certification.[13] Gaines

3  is not precluded from making a subsequent request seeking discovery should she establish it is

4  warranted.[14]

5    IT IS THEREFORE ORDERED Gaines's Motion for Reconsideration **(Dkt. #16) is**

6  **DENIED**.

7    DATED THIS 3rd day of August, 2015.

8

9

10   ANDREW P. GORDON
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [13] *Vinole*, 571 F.3d at 942.

27  [14] *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (explaining the plaintiff in a class
    action "bears the burden of … showing that … discovery is likely to produce substantiation of the
28  class allegations").